IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

United States District Court
Southern District of Texas
FILED

MLC    MAY 1 4 2004

Michael N. Milby, Clerk

| | |
|---|---|
| RACHEL WILSON and CHARLES BROMMER | §<br>§<br>§ |
| V. | §<br>§<br>§ |
| CHASE MANHATTEN MORTGAGE CORPORATION and MATRIX FINANCIAL SERVICES CORPORATION | §<br>§<br>§<br>§<br>§ |

C. NO. **0 4 - 1 5 3**

## NOTICE OF REMOVAL

1.      Defendant MATRIX FINANCIAL SERVICES CORPORATION ("Matrix") files this Notice of Removal under 28 U.S.C. §1446.  Matrix was served in a suit filed in the 107th Judicial District Court of Cameron County, Texas, under cause number 2004-04-1944-A.

2.      The action was commenced against Matrix by service of process consisting of the Citation and Plaintiffs' Original Petition served via its registered agent, CT Corporation Systems. Matrix was served and first had notice of the above captioned suit on or after April 15, 2004. Therefore, this notice of removal is filed timely pursuant to 28 U.S.C. § 1446(b).

3.      Removal is proper because Plaintiffs' suit involves a federal question. Plaintiffs allege that Matrix violated the Real Estate Federal Procedures Act (12 U.S.C. §§2601, *et. seq.* ["RESPA"]) (*See* pp.3 and 8, Petition [Exhibit "A"]).  Specifically, Plaintiffs' claim that as a "transferor" of a loan or its servicing, Matrix violated 12 U.S.C. §2605(b)(1) by failing to send notice of the transfer to them.  Plaintiffs seek monetary damages for that purported violation of federal law.  *See* pp. 8-9, Petition).  Therefore, this Federal District Court has original jurisdiction over this case under the provisions of 28 U.S.C. §§ 1331 and 1441.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4.      Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

### Joinder and Consent is Not Required

5.      Because Plaintiffs' federal claim against Matrix is a separate and independent claim, joinder or consent of Chase is not required.

### Notice

6.      Matrix provided written notice of the filing of this notice to all parties in this action and is filing a copy of this notice of removal with the clerk of the state court where this action is pending pursuant to 28 U.S.C. § 1446(d).

### Documents Included In Notice Of Removal

6.      As required by 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this notice as Exhibit "A." Pursuant to the Local Rules of the Southern District of Texas, the following documents are attached to this notice:

> Exhibit "A"    State Court's File
> (including Plaintiff's Original Petition, all executed process, a copy of the docket sheet from the 170TH Judicial District Court of Cameron County, Texas, Defendant Matrix Original Answer)
> Exhibit "B"    An Index of Matters Being Filed
> Exhibit "C"    A list of all counsel of record in this matter

### No Jury Demand

7.      Jury was not demanded in the state court action.

### Conclusion

8.      Matrix properly and timely filed this notice of removal. Removal is proper because Plaintiffs' suit involves a federal question. Wherefore, Matrix Financial Services Corporation requests that this matter proceed in this court as a removed case and for other appropriate relief.

Respectfully Submitted,

By: _____

C. Ed Harrell
Texas Bar No. 09042500
Federal Bar No. 2079
HUGHES, WATTERS & ASKANASE, L.L.P.
1415 Louisiana, 37th Floor
Houston, Texas 77002
(713) 759-0818 Telephone
(713) 759-6834 Facsimile

ATTORNEYS FOR DEFENDANT,
MATRIX FINANCIAL SERVICES
CORPORATION

OF COUNSEL:
HUGHES, WATTERS & ASKANASE, L.L.P.
1415 Louisiana, 37th Floor
Houston, Texas 77002
(713) 759-0818 Telephone
(713) 759-6834 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of May, 2004, a true and correct copy of the foregoing has been forwarded by certified mail, return receipt requested, to:

*Via Certified Mail*
*RRR # 7003 2260 0003 9668 9087*
Michael Rodriguez
Attorney at Law
1000 E. Madison
Brownsville TX 78520

*Via Certified Mail*
*RRR# 7003 2260 0003 9668 9070*
Chase Manhattan Mortgage Corporation
c/o Its Registered Agent, CT Corporation System
350 N. St. Paul St.
Dallas TX 75201

_____
C. Ed Harrell

P. 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| RACHEL WILSON | § |
| and CHARLES BROMMER | § |
| | § |
| V. | § |
| | § |
| CHASE MANHATTEN MORTGAGE | § |
| CORPORATION  and MATRIX | § |
| FINANCIAL SERVICES | § |
| CORPORATION | § |

C.A. NO. **M - 0 4 - 1 5 3**

## INDEX OF STATE COURT'S FILE
## (EXHIBIT "A")

1.    Plaintiffs' Original Petition
2.    All executed process (none, only certified mail receipts)
3.    A copy of the docket sheet from the 170TH Judicial District Court of Cameron County, Texas
4.    Defendant Matrix Original Answer

PAGE: 01

2004-04-001944-A

04   08   04

, E R K ' S   E N T R I E S   *   *   *   *

(10)

NEGLIGENCE

801
EL RODRIGUEZ
E. MADISON ST.
ISVILLE, TX.        78520 0000

04/08/04  ORIGINAL PETITION FILED
04/08/04  CITATION: CHASE MANHATTAN MORTGAGE
          CORP.
          SERVED:
04/08/04
04/08/04  CITATION: MATRIX FINANCIAL SERVICES
          CORPORATION
04/08/04       SERVED:

CAUSE NO. _2004-04-1944A_

| | | |
|---|---|---|
| RACHEL WILSON and | § | IN THE DISTRICT COURT OF |
| CHARLES BROMMER | § | |
|    *Plaintiffs* | § | _107_ JUDICIAL DISTRICT |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| CHASE MANHATTAN MORTGAGE | § | |
| CORPORATION, and | § | |
| MATRIX FINANCIAL SERVICES | | |
| CORPORATION | | |
|    *Defendants* | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, **Rachel Wilson and Charles Brommer** and file this

Plaintiffs' Original Petition and would respectfully show as follows:

### I.

### DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery pursuant to a level three discovery control plan.

### II.

### PARTIES

Plaintiff, **RACHEL WILSON**, is an individual residing in Cameron County, Texas,  at

202 W. Cora Lee, South Padre Island, Texas.

Plaintiff, **CHARLES BROMMER,** is an individual residing in Cameron County, Texas,

at 202 W. Cora Lee, South Padre Island, Texas.

Defendant, **CHASE MANHATTAN MORTGAGE CORPORATION,** (hereinafter

sometimes referred to as Defendant "CHASE"), is a New York Corporation doing business in

the State of Texas during all relevant times hereto, and may be served with this petition and

citation by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201. Service will be obtained via private process server.

Defendant, **MATRIX FINANCIAL SERVICES CORPORATION**, (hereinafter sometimes referred to as Defendant "MATRIX"), is an Arizona Corporation doing business in the State of Texas during all relevant times hereto, and may be served with this petition and citation by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201. Service will be obtained via private process server.

### III.

### JURISDICTION

The Court has jurisdiction over this claim because it involves a claim in excess of the minimal jurisdictional limits of this court and all parties live or do business in the State of Texas.

### IV.

### VENUE

Venue in Cameron County is mandatory pursuant to Tex. Civ. Prac. and Rem. Code Sec. 15.011 because this case involves real property located in this county. Further, venue is proper because all or a substantial part of the events or omissions giving rise to the claim in question occurred in this county. Tex. Civ. Prac. and Rem. Code Sec. 15.002(a)

### V.

### FACTS

RACHEL WILSON and CHARLES BROMMER currently own the property located at 202 West Cora Lee, South Padre Island, TX 78597, (hereinafter sometimes referred to as "the property"). Both Plaintiffs Wilson and Brommer (pro forma) are listed on a Deed of Trust with

2

Matrix securing the loan for the property (hereinafter sometimes referred to as the note or the lien or the loan). On April 12, 2002, Wilson found out that her credit history and credit report contained negative statements because of a derogatory account with Chase Manhattan Mortgage Corporation.

Because Wilson was current on the only note she knew about with Defendant Chase (Chase held a note securing another property Wilson owned), Wilson began to inquire about the derogatory account. At this time, Wilson was informed that Matrix, the original lien holder to the property, sold the note to Chase. Wilson did not receive the proper RESPA notification from Matrix that the note had been sold to Chase. Likewise, she did not receive the proper RESPA notification from Chase that it had purchased the note or that Chase was now servicing the loan.

On April 15, 2002, Wilson wrote Chase asking for her credit report to be corrected. The request from Chase for the credit report was received via mail at Plaintiff's correct mailing address which is P.O. Box. 2042, South Padre Island, Texas 78597.

On May 8, 2002, Wilson spoke to a Chase representative and was informed that she did have two loans with Chase and that the property at 202 W. Cora Lee was to be foreclosed on for failure to make payments. Although Chase had Wilson's correct mailing address, Chase never sent any information regarding payment for the note or servicing of the loan as required by RESPA.

Wilson informed Chase that she was unaware that Chase had purchased the note, but she had been sending payments to Matrix. In an effort to save her credit history, Wilson attempted on numerous occasions to have Chase rectify the problems associated with the impending foreclosure and associated negative credit reporting. Additionally, Wilson attempted on multiple occasions over time to resolve payment issues and mailing address issues with Chase.

3

Nevertheless, Chase wrongfully foreclosed on the property causing damages to the Plaintiff as set forth below.

## VI.

## CAUSES OF ACTION AGAINST DEFENDANTS

### Wrongful Foreclosure

Plaintiffs aver that Defendant Chase wrongfully foreclosed on the property because Plaintiffs were not actually in default on her mortgage obligations when the foreclosure action was initiated. As stated earlier, Plaintiffs were never given notice that Chase had purchased the note from Matrix. Because proper notification pursuant to the Texas Property Code was never given to the Plaintiffs, the foreclosure proceedings instituted on the property were wrongful.

Pursuant to Texas Property Code § 51.002(b)(3), Chase was required to give Plaintiffs notice that the sale of their property was to take place at a specific date and time. This notice was never given by Chase to Plaintiffs. In fact, Chase had the Wilson's proper mailing address yet they negligently failed to send any notice to Plaintiffs' proper address.

Further, prior to any notice sent pursuant to §51.002(b)(3), Chase was required to send notice of default on the loan to Plaintiffs pursuant to Texas Property Code §51.002(d). Texas law requires that Chase advise Plaintiffs of the default in the note and provide them a 20 day grace period to cure any default. Defendant Chase did not notify Plaintiffs of a default and did not grant them the statutorily required grace period in which to cure.

### Negligence

CHASE, and their agents, servants, and employees knew, or in the exercise of ordinary care, should have known that they were interfering with Plaintiffs' financial and business

stability and wellbeing. In particular, Chase negligently failed to notify Plaintiffs of the transfer of the loan from Matrix. Chase's negligence continued with their failure to inform Plaintiffs of crucial information regarding the loan, such as the loan number and payment address. Furthermore, despite Wilson's repeated attempts to resolve mailing address issues, Chase negligently continued sending correspondence to the wrong address. These negligent acts led to the wrongful foreclosure of the property and related damages.

Chase had a duty to exercise ordinary care so as not to damage Plaintiffs. To the extent they breached this duty, Plaintiffs seek their full damages, which are within the jurisdictional limits of the Court.

MATRIX, and their agents, servants, and employees knew, or in the exercise of ordinary care, should have known that they were interfering with Plaintiffs' financial and business stability and wellbeing. In particular, Matrix negligently failed to notify Plaintiffs that the loan was transferred to Chase. This negligence contributed to the wrongful foreclosure of the property and related damages.

Matrix had a duty to exercise ordinary care so as not to damage Plaintiffs. To the extent they breached this duty, Plaintiffs seeks their full damages, which are within the jurisdictional limits of the Court. .

### Breach of Contract

Plaintiffs entered into a mortgage agreement with Matrix Financial Services Corporation. Sometime thereafter, Chase assumed this obligation. As such, Chase accepted the rights and responsibilities contained within this mortgage agreement. Actions for default and non-judicial foreclosure are measures that were only to be used in situations where Plaintiffs are actually in default. Further, if Plaintiffs actually were in default on any situation, proper notice should be

5

provided as set forth in the Texas Property Code. Chase breached this contract by foreclosing on the property and Plaintiffs have been damaged as a proximate cause of Chase's actions in an amount within the jurisdictional limits of this court.

### Defamation, Business Disparagement and Slander of Title

Chase knowingly and intentionally published, or caused to be published by others, disparaging words about Plaintiffs' economic interests, including information in reference to the title to her property. Those statements were published to the public. In fact, Wilson found out about an attempted foreclosure on her property after being advised by a friend who read the disparaging words in the local newspaper. Those published statements were defamatory, false, published with malice, and communicated without privilege.

As a result of the publication, Plaintiffs suffered pecuniary losses to their personal and business interests that are directly attributable to the false communications.

### Violation of the Texas Deceptive Trade Practices Act

Plaintiffs are "consumers" as defined by the DTPA, in that Defendant provided financing for the transaction and sought to benefit from the transaction.

Chase knowingly or intentionally engaged in false, misleading, or deceptive practices in the transaction described above, which were producing causes of damages to Plaintiffs in that:

   a) Defendant represented that services had characteristics, uses, or benefits they did not have, or that a person had approval, status, affiliation, or connection she did not have;

   b) Defendant represented that services were of a particular standard, quality, or grade, and they were of another;

c) Defendant disparaged the goods, services, or business of another by false or misleading representation of facts;

d) Defendant represented that an agreement conferred or involved rights, remedies, or obligations that it did not have or involve, or that were prohibited by law;

e) Defendant represented that work or services had been performed when the work or services were not performed.

Defendant Chase engaged knowingly or intentionally in unconscionable conduct or in a course of conduct in the transaction with Plaintiffs by failing to send proper notice to Plaintiffs at the correct address after repeated attempts by Wilson to correct the mailing problem. Further, after failing to correct the address problem and foreclosing on the property, Chase made the Plaintiffs pay attorney's fees and late fees to have the loan reinstated. Defendant's conduct took advantage of the lack of Plaintiffs' ability to rectify this situation to a grossly unfair degree so as to be a producing cause of damages to Plaintiffs.

As a result of Chase's conduct, Plaintiffs suffered considerable damage to their financial situation, both personally and to their business. In addition to the damages affecting Plaintiffs' financial well-being, Plaintiffs have also suffered mental anguish as a result of Chase's conduct.

To pursue this claim against Defendants, Plaintiffs have had to retain Michael Rodriguez as their attorney and have agreed to pay his law firm reasonable fees for the services in maintaining Plaintiffs' claims until final judgment. Plaintiffs are entitled to recover those fees from Defendant under Section 17.50(d) of the Texas Business and Commerce Code.

## VII.

### REAL ESTATE SETTLEMENT PROCEDURES ACT

Defendants Chase and Matrix violated the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. §2601 et. seq. in that they, among other things, failed to give the proper notice to Plaintiffs as required under RESPA.

Pursuant to 12 U.S.C. §2605, Defendant Matrix failed to properly notify Plaintiffs of the transfer of the note to Defendant Chase as required by RESPA. Additionally, Defendant Chase, as transferee of the note, failed to notify Plaintiffs of the loan servicing change as required by RESPA.

Plaintiffs assert all causes of action allowable by law under RESPA and additionally pray for attorney's fees as allowed by RESPA.

## VIII.

### CONDITIONS PRECEDENT

All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## IX.

### DAMAGES

#### Actual

As a result of the incidents described above, that are made the basis of this suit, Plaintiff has incurred damages within the jurisdictional limits of this Court. Specifically, the Plaintiff

seeks damages in the amount of $500,000.  Further, Plaintiff further seeks attorney's fees and expenses as permitted by law.

## Exemplary

The conduct of the Defendant and its agents, set out above, were carried out willfully, maliciously, oppressively, and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of this Plaintiff.  Plaintiff is hereby entitled to recover exemplary damages to deter such cruel and undignified procedures by Defendant Chase and Chases' management in the future.  In this connection, Plaintiffs will show that their treatment by the Defendant caused suffering of immeasurable dimensions.  Accordingly, Plaintiffs requests that exemplary damages be awarded against Defendant Chase in amounts that exceed the minimum jurisdictional requirements of this Court.

## PRAYER

Plaintiffs pray that Defendants be cited to appear and answer, and that upon final trial, the Court grant:

a.   judgment against Defendants for an amount compensating Plaintiffs for their actual damages;

b.   prejudgment interest as allowed by law;

c.   exemplary damages as allowed by law;

d.   mental anguish damages within the jurisdictional limits of the court;

e.   interest on said judgment at the legal rate from date of judgment;

f.   costs of suit herein;

g.   attorney fees;

h.   restoration of Plaintiffs credit history; and

i.   such other and further relief to which Plaintiffs may be justly entitled.

9

Respectfully submitted,

MICHAEL RODRIGUEZ, P.L.L.C.

By: _____
Michael Rodriguez
Texas State Bar No. 00791553
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333 (Telephone)
(956) 574-9337 (Facsimile)

ATTORNEY FOR PLAINTIFFS RACHEL WILSON and
CHARLES BROMMER

10

# MICHAEL RODRIGUEZ, P.L.L.C.

ATTORNEY AT LAW
1000 E. MADISON STREET
BROWNSVILLE, TEXAS 78520
TELEPHONE: (956) 574-9333
FACSIMILE: (956) 574-9337

April 8, 2004

Email: michael@mrodriguez.com

Aurora De La Garza
Cameron County District Clerk
974 E. Harrison
Brownsville, Texas 78520

Re:   Cause No. *04-04-1944* ; Rachel Wilson and Charles Brommer vs.
Chase Manhattan Mortgage Corporation and Matrix Financial Services
Corporation; In the District Court of *107* Judicial District, Cameron
County, Texas

Dear Ms. De La Garza:

Enclosed herein for filing please find the original and two copies of the
Plaintiffs', Rachel Wilson and Charles Brommer, Original Petition. Please file the
original of the foregoing instrument and affix your file stamp on a copy for our office.
Please issue citations that we will have delivered by Professional Civil Process.

Additionally, please find a check in the amount of $ *196. 00* to cover the filing fees.

Should you have any questions or comments please do not hesitate to contact me.

Respectfully submitted,
MICHAEL RODRIGUEZ, P.L.L.C.

Michael Rodriguez



# Aurora De La Garza

Cameron County District Clerk
974 E. Harrison Street
Brownsville, Texas 78520
Office (956) 544-0838    Fax (956) 544-0841

## MEMORANDUM

To Filing Clerk: _Diana_                     Date: _4/8/04_

Cause No: _04-04-1944-A_

**Please Prepare:**

☐ Folder  ☐ Confidential

☐ Change Court to _____
Continuing Jurisdiction in Cause No.

Attorney Name: _Michael Rodriguez_    ID# _le1480l_

☐ Need File    ☐ Motion: _____ Filed

☐ Cit/Prec/Writ: _2_    Issued: _4/8/04_    Shf/Atty/CM: _____ $ _____

☐ Cit/Prec/Writ: _____    Issued: _____    Shf/Atty/CM: _____ $ _____

☐ Date Bond Approved: _____    $4.00    Other: _____

Deposit $ _176.00_    Paid On: _4/8/04_    By: _____

Jury Fee $ _____    Paid On: _____    By: _____

Reviewed by: _____    Return to: _J. Anigr_
                                          Deputy                           Deputy

---

To Court Clerk: _____ _____ District Court Date: _____

**Please present to Judge:**

☐ Order  ☐ TRO  ☐ Protective Order

☐ Issue Process  ☐ Make D.E.  ☐ Make notation on Order of process issued.

☐ Give to  ☐ Sheriff  ☐ Attorney  ☐ Other

☐ Send copies to attorneys or parties entitled to copy.

☐ After issuing service, return to Main Office for Folder and Docket Entry

☐ Transfer to Jury Docket:
Jury Fee Paid by _____ On _____

☐ Other _____

_____

By: _____
                                          Deputy

CAUSE NO. 2004-04-1944

| | | |
|---|---|---|
| RACHEL WILSON and | § | IN THE DISTRICT COURT OF |
| CHARLES BROMMER | § | |
| | § | |
| VS. | § | CAMERON COUNTY, T E X A S |
| | § | |
| CHASE MANHATTAN MORTGAGE | § | |
| CORPORATION and MATRIX | § | |
| FINANCIAL SERVICES CORPORATION | § | 107TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant, MATRIX FINANCIAL SERVICES CORPORATION ("Matrix"), files its Original Answer to Plaintiffs' Original Petition.

## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Matrix generally denies each and every, all and singular, the allegations contained in Plaintiffs' Original Petition.

## AFFIRMATIVE DEFENSES

Matrix pleads each of the following affirmative defenses in the alternative:

1.      The claims fail to state a cause of action.

2.      Matrix asserts that the damages complained of by Plaintiffs, if any, were contributed to by their own fault or negligence.

3.      Matrix alleges that the damages complained of by Plaintiffs were proximately caused by the acts or omissions of a party for whose conduct Matrix is not responsible and therefore requests the Court to direct the jury to compare to the extent to which the fault of each actor, regardless of whether joined in this suit, caused or contributed to causing plaintiff's injuries, if any. Matrix specifically alleges the following:

   A.      Plaintiffs' own negligence or fault contributed to causing or solely caused their damages, if any.
   B.      Plaintiffs' damages, if any, were caused solely by one or more third parties for whose negligence or misconduct defendant is not responsible.
   C.      Plaintiffs' claims are barred by their comparative negligence and/or fault.

1

D.    The acts or omissions of a person or entity who is not a party to this suit and who was not at any material time subject to Matrix's actual or constructive control were a new, independent, intervening or superseding cause of Plaintiffs' damages, if any.

4.    Matrix alleges all applicable statutes of limitation, including the Texas two and four year statutes of limitation, as affirmative defenses.

5.    Matrix alleges estoppel by contract and Plaintiffs' non-performance of their contractual obligations.

6.    Matrix alleges that Plaintiffs are not consumers under the DTPA and thus they are not entitled to recover in the capacity in which they sue.

7.    Matrix alleges a loan is not a good or service under the DTPA and therefore no claim exists.

8.    Matrix denies that all conditions precedent were performed by Plaintiffs or occurred. It is specifically denied that Plaintiffs provided "notice" to Matrix in conformity with §17.505 TEX. BUS. & COMM. CODE.

9.    Matrix denies the existence of any duty to Plaintiffs that gives rise to a cause of action for negligence.

10.    Matrix denies the existence of any duty to "exercise ordinary care so as to not injury Plaintiffs."

11.    In conformity with 12 U.S.C. §2605(b)(5), Matrix sent the requisite notice to Plaintiffs.

12.    Matrix denies that non-pecuniary damages are recoverable under RESPA.

13.    Matrix denies that punitive damages are recoverable under RESPA.

WHEREFORE, Defendant, MATRIX FINANCIAL SERVICES CORPORATION, requests that Plaintiffs take nothing by their suit and that Matrix have and recover costs and attorney fees, together with such other and further relief, general or special, legal or equitable, to which it may be justly entitled.

Respectfully submitted,

HUGHES, WATTERS & ASKANASE, L.L.P.

C. Ed Harrell, 09042500
1415 Louisiana, 37th Floor
Houston, Texas 77002-7354
(713) 759-0818 Telephone
(713) 759-6834 Facsimile
ATTORNEYS FOR DEFENDANT, MATRIX
FINANCIAL SERVICES CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of May, 2004, a true and correct copy of the foregoing was served:

*Via Certified Mail,*
*RRR #70032260000396689148*
Michael Rodriguez
Attorney at Law
1000 E. Madison
Brownsville TX 78520

C. Ed Harrell

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

RACHEL WILSON                          §
and CHARLES BROMMER                     §
                                        §
V.                                      §        C.A. NO. **M - 0 4 - 1 5 3**
                                        §
CHASE MANHATTEN MORTGAGE                §
CORPORATION  and MATRIX                 §
FINANCIAL SERVICES                      §
CORPORATION                             §

## INDEX OF MATTERS BEING FILED
## (EXHIBIT "B")

1.    Notice of Removal to United States District Court

2.    State Court's File **(Exhibit "A")**:
        Plaintiffs' Original Petition
        All executed process (none, only certified mail receipts)
        A copy of the docket sheet from the 170TH Judicial District Court of Cameron
            County, Texas
        Defendant Matrix Original Answer

3.    Index of Matters Being Filed **(Exhibit "B")**

4.    List of All Counsel of Record **(Exhibit "C")**

5.    Civil Cover Sheet

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RACHEL WILSON<br>and CHARLES BROMMER | § § § | |
| V. | § § | C.A. NO. **M - 0 4 - 1 5 3** |
| CHASE MANHATTEN MORTGAGE<br>CORPORATION  and MATRIX<br>FINANCIAL SERVICES<br>CORPORATION | § § § § § | |

## <u>LIST OF ALL COUNSEL OF RECORD AND ADVERSE PARTIES</u>
### (EXHIBIT "C")

**ATTORNEYS FOR PLAINTIFFS:**

Michael Rodriguez
TBN: 00791553
Attorney at Law
1000 E. Madison
Brownsville TX 78520
(956) 574-9333
(956) 574-9337 – Fax

**ATTORNEYS FOR DEFENDANT, MATRIX**
**FINANCIAL SERVICES CORPORATION:**
C. Ed Harrell
TBN:  09042500
HUGHES, WATTERS & ASKANASE, L.L.P.
1415 Louisiana, 37th Floor
Houston, Texas 77002
(713) 759-0818
(713) 759-6835 (fax)