United States District Court
Southern District of Texas
FILED

OCT 28 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RACHEL WILSON and BROMMER | § § § § | C.A. NO. ~~M-04-153~~ B-04-113 |
| Plaintiffs, | § | |
| v. | § § | |
| CHASE MANHATTAN MORTGAGE CORPORATION, and MATRIX FINANCIAL SERVICES CORP. | § § § § § | |
| Defendants. | § § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1.   State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

Michael Rodriguez and Henri E. Nicolas, Jr., counsel for Plaintiffs, Rachel Wilson Brommer and Charles Brommer, Ben Bingham, counsel for Defendant, Chase Manhattan Mortgage Corporation ("CMMC"), and Ed Harrell, counsel for Defendant, Matrix Financial Services Corp. ("Matrix") met on October 26, 2004 telephonically (from their offices) to discuss the issues contained in the Joint Discovery/Case Management Plan.

2.   List the cases related to this one that are pending in any state or federal court with the case number and court.

*Cause No. 2004-04-1944-A; Rachel Wilson and Charles Brommer vs. Chase Manhattan Mortgage Corporation and Matrix Financial Services Corporation; In the District Court of 107th Judicial District, Cameron County, Texas*, Defendant, Matrix Financial Services Corp. removed the state court action to federal court on May 13, 2004.

3. Briefly describe what this case is about.

**Plaintiffs assert that Defendant Matrix failed to notify them that their loan servicing had been transferred to Defendant CMMC and that CMMC wrongfully commenced foreclosure proceedings, and that also resulted in damage to Plaintiffs' credit.**

4. Specify the allegation of federal jurisdiction.

**Removal jurisdiction based on the presence of a federal question related to the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. Original federal court jurisdiction is asserted pursuant to 28 U.S.C. §§ 1331 and 1441 and supplemental jurisdiction under 28 U.S.C. §1367.**

5. Name the parties who disagree and the reasons.

**None of the parties disagree regarding federal jurisdiction.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.

**None**

7. List anticipated interventions.

**None**

8. Describe class-action issues.

**None**

9. State whether each party represents that it has made the initial disclosures required by rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**Initial disclosures have been completed by CMMC. The parties will complete initial disclosures by November 12, 2004, the date of the Initial Pretrial Conference.**

10. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

**Please see response to question No. 9.**

B. When and to whom the plaintiff anticipates it may send interrogatories.

**Plaintiffs anticipate sending interrogatories to the Defendants within thirty (30) days following the Initial Pretrial Conference.**

C.      When and to whom the defendant anticipates it may send interrogatories.

**Defendants anticipate sending interrogatories to the Plaintiffs within thirty (30) days following the Initial Pretrial Conference.**

D.      Of whom and by when the plaintiff anticipates taking oral depositions.

**The Plaintiffs anticipate taking oral depositions of individuals listed by the Defendants within sixty (60) days following the response to written discovery.**

E.      Of whom and by when the defendant anticipates taking oral deposition.

**The Defendants anticipates taking oral depositions of individuals listed by the Plaintiff within (60) days following the response to written discovery.**

F.      When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiffs anticipate designating experts and providing reports no later than ninety (90) days prior to the trial date. The Defendant anticipates designating experts and providing reports no later than sixty (60) days prior to the trial date**

G.      List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiffs anticipate taking all the Defendants' experts' depositions and completing them no later than thirty (30) days prior to trial.**

H.      List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendant anticipates taking all the Plaintiffs' experts' depositions and completing them no later than thirty (30) days prior to trial.**

11.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**The parties are agreed.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**None**

13. State the date the planned discovery can reasonably be completed.

**June 1, 2005.**

14. Describe the possibilities for a prompt settlement or resolution of the case(s) that were discussed in your Rule 26(f) meeting.

**The parties feel that it is possible that a prompt resolution to this case may be achieved.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**MMC has informally requested information from Plaintiffs to assist it in formulating a settlement position. Plaintiffs have agreed to put together a settlement package by November 1, 2004.**

16. From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**The Plaintiffs are amenable to mediation.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**The parties cannot at this time agree to a trial before a Magistrate Judge.**

18. State whether a jury demand has been made and if it was made on time.

**No jury demand made. Plaintiffs will amend their original petition to include a jury demand and file a motion seeking a jury trial on all issues. Defendants are opposed to Plaintiffs' filing a jury demand.**

19. Specify the number of hours it will take to present the evidence in this case.

**The Plaintiffs anticipate twenty (20) hours of testimony for their case in chief. CMMC anticipates eight (8) hours of testimony.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**None.**

21. List other motions pending.

**None.**

22. Indicate other matters peculiar to this case, including discovery that deserves the special attention of the court at the conference.

**None.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**All parties have filed the required disclosures.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

_[signature]_     10/28/04

Counsel for Plaintiff(s) Rachel     Date
Wilson Brommer and Charles Brommer

Michael Rodriguez
State Bar No. 00791553
Federal I.D. No. 18759
Henri E. Nicolas, Jr.
State Bar No. 24014808
Federal I.D. No. 26052
RODRIGUEZ & NICOLAS, L.L.P.
319 East Elizabeth Street
Brownsville, Texas 78520
Telephone: (956) 574-9333
Facsimile: (956) 574-9337

_____  10/28/04
Counsel for Defendant Matrix  by permission    Date
Financial Services Corp.

Ed Harrell
Texas State Bar No. 09042500
Federal ID No. 2079
Hughes Watters Askanase LLP
1415 Louisiana, 37th Floor
Houston, Texas 77002-7354
Telephone (713) 759-0818
Facsimile (713) 759-6834

_____  10/28/04
Counsel for Defendant Chase  by permission    Date
Manhattan Mortgage Corporation

Benjamin Bingham
Texas State Bar No. 02322350
Federal ID No. 12716
Bingham & Lea, P.C.
319 Maverick Street
San Antonio, Texas 78212
Telephone (210) 224-1819
Facsimile (210) 224-0141