IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 17 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RACHEL WILSON BROMMER AND CHARLES BROMMER § § § Plaintiff § VS. § CIVIL ACTION NO. B-04-113 § § CHASE MANHATTAN MORTGAGE § CORPORATION, and § MATRIX FINANCIAL SERVICES § CORPORATION § Defendants § | |

**PLAINTIFFS' JURY DEMAND AND BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs, Rachel Wilson and Charles Brommer, hereby request a jury trial on all issues in this matter pursuant to the Federal Rules of Civil Procedure Rule 38 or, alternatively and if necessary, Rule 39(b).

Rule 39(b) states:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, **the court in its discretion upon motion may order a trial by a jury of any or all issues.**

Fed. R. Civ. P. 39(b) (emphasis added). This rule grants the district court discretion to relieve a party from waiver of a jury trial under Rule 38. *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir.), *cert. denied,* 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1964). "[W]hen the discretion of the court is invoked under Rule 39(b), the court should grant a

jury trial in the absence of strong and compelling reasons to the contrary." *Id.* at 409. A motion for trial by jury under this rule "should be favorably received unless there are persuasive reasons to deny it." *United States v. Unum,* 658 F.2d 300, 303 (5th Cir. 1981).

The Fifth Circuit has adopted from the Eleventh Circuit five factors that district courts should consider in the exercise of discretion under Rule 39(b):

> (1) whether the case involves issues which are best tried to a jury;
> (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
> (3) the degree of prejudice to the adverse party;
> (4) the length of the delay in having requested a jury trial; and
> (5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel International Corporation v. Fischbach & Moore, Inc.,* 916 F.2d 1061, 1064 (5th Cir. 1990).

First, this case involves issues best tried before a jury. Plaintiffs allege claims for wrongful foreclosure, negligence, breach of contract, defamation, Texas Deceptive Trade Practices Act claims, and the Real Estate Settlements Procedures Act. These are exactly the types of claims tried to a jury verdict everyday in the State of Texas, both in state and federal court.

Second, a jury trial in this matter will disrupt neither the Court's nor the Defendants' schedules. The Court has not yet held an Initial Pretrial Conference. Nor has the Court entered a scheduling order. Therefore, it is a virtual impossibility that a jury trial will disrupt any schedule.

Third, Defendants will not be prejudiced by the Court granting a jury trial. If this motion were filed on the eve of trial, rather than well before the Initial Pretrial Conference, Defendants might be prejudiced. In this situation, however, discovery has

not started, except for initial disclosures, the scheduling order has not been entered, and a trial date has not even been set. Defendants cannot be prejudiced by a jury trial.

Fourth, Plaintiffs' delay in requesting a jury trial has not been long. Again, this motion is filed before the Initial Pretrial Conference and before a scheduling order is entered. Lastly, this case was removed by Defendants from Cameron County District Court to the McAllen Division of the United States District Court for The Southern District of Texas, requiring the added time and effort of transferring the case to the proper division. Plaintiffs now request a jury trial well in advance of the Initial Pretrial Conference and scheduling hearing.

## CONCLUSION AND PRAYER

A jury trial is warranted in this case because "[t]echnical insistence upon imposing a penalty for default [under Rule 38] by denying a jury trial is not in the spirit of the rules." 9 C. WRIGHT & A. MILLER, *Federal Practice and Procedure* § 2334 at 115-16 (1971). Finally, there are neither "strong and compelling reasons" nor "persuasive reasons" to deny this motion; therefore, this Court should grant Plaintiffs a jury trial on all issues in this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs hereby request a trial by jury of all issues in this case.

Respectfully submitted,

Michael Rodriguez
State Bar No. 00791553
Federal ID No. 18759
Henri E. Nicolas, Jr.
State Bar No. 24014808
Federal ID No. 26052

RODRIGUEZ & NICOLAS, LLP
319 E. Elizabeth Street
Brownsville, Texas 78520
(956) 574-9333
(956) 574-9337 – fax

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served by facsimile, on the 7 day of November, 2004 to:

Benjamin Bingham
Bingham & Lea, P.C.
319 Maverick Street
San Antonio, Texas 78212
Telephone (210) 224-1819
Facsimile (210) 224-0141

Ed Harrell
Hughes Watters Askanase LLP
1415 Louisiana, 37th Floor
Houston, Texas 77002-7354
Telephone (713) 759-0818
Facsimile (713) 759-6834

Henri E. Nicolas, Jr.

## CERTIFICATE OF CONFERENCE

I, Henri E. Nicolas, Jr., do hereby, certify that on November 15, 2004 I spoke with Mr. Ben Bingham and Mr. Ed Harrell, who indicated that they were opposed to the above and foregoing document.

Henri E. Nicolas, Jr.