IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RACHEL WILSON and <br> CHARLES BROMMER <br> Plaintiffs, | § <br> § <br> § <br> § <br> § | |
| v. | § | C.A. NO. B-04-113 |
| | § | |
| CHASE MANHATTAN MORTGAGE <br> CORPORATION and MATRIX <br> FINANCIAL SERVICES CORP. <br> Defendants | § <br> § <br> § <br> § | |

### DEFENDANT MATRIX'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant, MATRIX FINANCIAL SERVICES CORPORATION ("Matrix"), moves for summary judgment on all claims made by Plaintiff, RACHEL WILSON, against it pursuant to FED. R. CIV. P. 56:

**I.   PRELIMINARY STATEMENT**

1. Plaintiffs sued Matrix on two (2) theories: negligence[1] and violation of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §2601 *et. seq.*[2] Charles Brommer later dismissed his claims.[3]

**II.   SUMMARY JUDGMENT BURDEN**

A.   FED. R. CIV. P. 56

2. Matrix is entitled to judgment as a matter of law because this motion establishes the absence of genuine issues of fact on one or more elements of Ms. Wilson's causes of action; she lacks evidence to establish those elements as well. Matrix's burden is to show that Ms.

---
[1] Petition, p.5.
[2] Petition, p.8.
[3] Doc. No. 19.

Wilson lacks sufficient evidence to prove one or more essential elements of her claim. The burden then shifts, requiring Ms. Wilson to show a triable issue of fact on each element.[4] Additionally, the evidence adduced by Matrix disproves one or more essential elements of Wilson's cause of action as a matter of law.[5]

### III.    BACKGROUND AND UNDISPUTED FACTS

3.    The Motion is supported by a) the Declaration of Ron Trunnell and exhibits to it ("Declaration"), b) Ms. Wilson's checks (Attachment 1), c) Ms. Wilson's correspondence (Attachment 2), d) for the Court's convenience, a full copy of RESPA §2605 (Attachment 3) and a copy of the Original Petition (Attachment 4).

4.    In September, 2001, Ms. Wilson refinanced an existing loan with a loan from Matrix.[6] The principal amount of the refinance loan was $128,000.00 and was repayable in installments of $840.87 each on the 1st day of each month beginning November 1, 2001. Declaration, ¶6. The loan was secured by a Deed of Trust on the property. Declaration, ¶7 and Exhibit 3 to it.

5.    The Deed of Trust specifically provides "[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." Exhibit 3, ¶15 (emphasis added). It also stipulates "[t]he notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to the Lender." *Id*. [emphasis added]. The Property Address stated in the Deed of Trust is 202 W. Cora Lee Lane, South Padre Island, Texas 78597. Exhibit 3, p.3. All notices [to either party] under the Deed of Trust are required to be in writing. Exhibit 3, ¶15.

---

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552 (1986).
[5] See *Adicks v. S.H. Kress & Co.*, 398 U.S. 144, 158-160, 90 S.Ct. 1598, 1608, 1609 (1970).
[6] Declaration, ¶5; *see also* "Renewal and Extension Exhibit" to Deed of Trust, Exhibit 3.

2

6. The first note payment (for 11/1/01) was made by check from Ms. Wilson received around November 15, 2001. Declaration, ¶10; *see also* check dated 11/9/01 (Attachment 1). The December 1, 2001 payment was paid by check received around January 31, 2002. Declaration, ¶10; *see also* check dated January 1, 2002 (Attachment 1). Matrix also received a check from Ms. Wilson dated February 25, 2002 (*see* Attachment 1). Matrix endorsed the check and sent it to Chase Mortgage because it no longer owned the loan.[7]

7. Ms. Wilson's loan was sold to Chase effective February 1, 2002.[8] By letter dated January 15, 2002, Matrix notified Ms. Wilson that the loan was being transferred to Chase and provided other requisite information.[9] The letter was sent first class mail with sufficient postage to Ms. Wilson at her "notice address" – 202 W. Cora Lee, South Padre Island, Texas 78597 – which was the mailing address according to the records of Matrix.[10] The letter was returned "unclaimed."[11]

8. Matrix was advised of an address change on March 9, 2002.[12] Ms. Wilson gave Matrix written notice of a mailing address different from the notice address ("P.O. Box 2042, South Padre Island, Texas 78597") by noting it on a check dated April 9, 2002.[13] This was the fourth check received by Matrix from Ms. Wilson since the loan was made.[14] Matrix returned the check to Ms. Wilson because more than sixty (60) days had elapsed since the loan was transferred to Chase. Declaration, ¶17 and Exhibit 7 to it.

9. On or before April 12, 2002, Ms. Wilson knew her loan had been transferred to Chase.[15]

---

[7] *See* Declaration, ¶12.
[8] *See* Declaration, ¶11.
[9] Declaration, ¶13 and Exhibit 4 to it.
[10] Declaration, ¶14.
[11] Declaration, ¶15.
[12] Declaration, ¶9.
[13] Declaration, ¶16 and Exhibit 7 to it.
[14] Declaration, ¶¶10, 12 and 16.
[15] Petition, p.3.

3

## IV. THE CLAIMS FAIL AS A MATTER OF LAW

A. No Negligence Claim Exists Nor was Matrix Negligent

10. Ms. Wilson asserts that "Matrix negligently failed" to notify [her] that the loan was transferred to Chase.[16] A tort duty is a legally enforceable obligation to conform to a particular standard of conduct.[17] To establish a negligence claim, Ms. Wilson is required to prove each of the following: 1) a legal duty; 2) breach of that duty; and 3) damages proximately resulting from the breach.[18] The existence of a legal duty is a question of law that courts must determine at the outset.[19]

i) No Duty

11. As a lender and the loan transferor, Matrix owed no common law duty to Ms. Wilson.[20] The absence of a legal duty is fatal to the negligence cause of action and summary judgment is appropriate for that reason alone. Matrix certainly had no duty to "assure" receipt of a notice.

ii) No Breach of Duty

12. Even assuming a "notification duty," Matrix fulfilled it by mailing notice of the loan transfer to Ms. Wilson.[21] If a common law duty to send notice existed – which is denied – it was also satisfied by the April 16, 2002 letter[22] from Matrix which Ms. Wilson did receive.[23]

iii) No Damages

13. Finally, there is no evidence that damages were proximately caused by the alleged failure to receive the January 15, 2002 notice of the transfer. By April 12, 2002, at the latest,

---

[16] Petition, p.5.
[17] See e.g. *Valley Shamrock, Inc. v. Vasquez*, 995 S.W.2d 302, 306 (Tex. App. – Corpus Christi 1999, no pet.).
[18] See *Greater Houston Transportation v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).
[19] See e.g. *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998).
[20] No case was found regarding this purported duty. See also *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675-76 (Tex. App. – Houston [1st Dist.] 1996, no writ) (generally, lenders do not generally owe common law duties to borrowers).
[21] Declaration, ¶¶11, 13 and Exhibit 4.
[22] Exhibit 7 to Declaration.

4

Ms. Wilson possessed actual knowledge that her loan had been transferred to Chase.[24] No damage is claimed nor possible between January 15, 2002 and April 12, 2002. Instead, Ms. Wilson accuses Chase – not Matrix – of various "bad acts" on April 12, 2002, April 15, 2002, May 8, 2002 and on numerous "other occasions" and further claims that she attempted "to have Chase rectify the problems" and "to resolve payment issues and mailing address issues with Chase," but "[n]evertheless Chase wrongfully foreclosed causing damages to Plaintiff as set forth below."[25] Matrix did not and could not have taken any action – its ownership of the loan ended February 1, 2002 – to institute or carry out a foreclosure. Ms. Wilson neither claims nor has evidence that it did. Matrix is entitled to summary judgment on the negligence claim.

    B.    <u>Matrix did not Violate RESPA</u>

        i)    <u>RESPA Notice was Sent</u>

14.    For her RESPA claim, Ms. Wilson asserts that Matrix "failed to give [her] … proper notice.[26] A RESPA cause of action requires proof that: a) Matrix failed to send her notice of the servicing and loan transfer to Chase; <u>and</u> b) the failure caused her actual damages. 12 U.S.C. §2605(f)(1)(A).[27]

15.    Section 2605(b)(1) merely required that Matrix send written notification of the transfer.[28] It is undisputed that Matrix mailed the requisite RESPA notice dated January 15, 2002, to Ms. Wilson advising her of the loan transfer effective February 1, 2002.[29] The letter was duly and properly addressed to Ms. Wilson at 205 Cora Lee,

---

[23] The letter and check produced by Ms. Wilson with her handwritten notes is in <u>Attachment 2</u>.
[24] Petition, p.3 ("At this time [April 12, 2002], Wilson was informed that Matrix … sold the note to Chase.").
[25] Petition, pp.3-4.
[26] Petition, p.8.
[27] See <u>Attachment 3</u>.
[28] *Id.*
[29] See 12 U.S.C. §2605(3) for content requirements; see Declaration, ¶13 and <u>Exhibit 4</u>.

South Padre Island, Texas 78597.[30] That <u>was</u> Ms. Wilson's mailing address according to Matrix's records.[31] It also was the notice address under the Deed of Trust.[32] Under RESPA, Matrix was not required to "assure" Ms. Wilson's receipt of the letter – only that it was sent to her mailing address according to its records.[33] The Deed of Trust was to the same effect and, pursuant to its terms, the RESPA letter was sent to her at the notice address.[34] Matrix was not provided with a different address until March 9, 2002.[35] Ms. Wilson provided the mailing address – P.O. Box 2402, South Padre Island, Texas 78597 – by noting it on her check dated April 9, 2002.[36] <u>None</u> of her prior checks contained the information; they showed a completely different address.[37]

    ii)    <u>No Damages</u>

16.    Second, Ms. Wilson did not and could not have suffered actual damages due to the lack of receipt. By April 12, 2002, she knew that Chase was the holder of her loan.[38] Ms. Wilson's documents confirm the knowledge.[39] Also, Ms. Wilson received the April 16, 2002, letter from Matrix on April 20, 2002.[40] Further, 12 U.S.C. §2605(d) provides:

> During the 60-day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the borrower with respect to any payment on such loan and <u>no such payment may be treated as late</u> for any other purposes, <u>if the payment is received</u> by the transferor servicer (rather than the transferee servicer

---

[30] Declaration, ¶14.
[31] *See* Declaration, ¶14.
[32] *See* Declaration, ¶8 and <u>Exhibit 3</u> to it.
[33] *See* 12 U.S.C. §2605(b)(1).
[34] *See* Declaration, ¶14 and <u>Exhibit 3</u>.
[35] *See* Declaration, ¶9 and <u>Exhibit 6</u> to it.
[36] *See* Declaration, ¶16 and <u>Exhibit 7</u> to it.
[37] *See* <u>Attachment 1</u>.
[38] *See* fn. 24, *supra*.
[39] *See* April 15, 2002, letter to Chase signed by Ms. Wilson (<u>Attachment 2</u>).
[40] *See* April 16, 2002, letter from Matrix with her handwritten notes (<u>Attachment 2</u>).

6

who should properly receive payment) <u>before the due date</u> applicable to such payment. (emphasis added).

The <u>one</u> check dated February 25, 2002, Matrix received from Ms. Wilson during the 60-day period between February 1, 2002 and April 2, 2002 was late[41] and therefore §2605(d) did <u>not</u> operate to make the payment timely. There was no damage caused by Matrix and no facts exist supporting any damage proximately caused by Ms. Wilson's claimed lack of knowledge of the transfer between January 15, 2002 and April 12, 2002.[42]

    C.    <u>Contingent Motion - DTPA</u>

17. Due to the impending cut-off for dispositive motions, Matrix – in an abundance of caution – also moves for summary judgment if Ms. Wilson claims to raise DTPA claims against it because she is not a consumer.

    i)    <u>Consumer Definition</u>

18. DTPA plaintiffs must prove they are consumers under the DTPA.[43] A plaintiff is a DTPA consumer only if two requirements are met: (1) first, the party must seek or acquire goods or services by purchase or lease.[44] (2) second, the goods or services must form the basis of the party's complaint.[45] If either requirement fails, the aggrieved party must look outside the DTPA for relief.[46]

    ii)    <u>A Loan is Not a Good or Service</u>

---

[41] *See* Declaration, ¶17.
[42] *See also* Discussion, ¶13, *supra*.
[43] "Consumer" means an individual, partnership, or corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services . . . . TEX. BUS. AND COMM. CODE §17.45(4). *Riverside*, 603 S.W.2d at 173; *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981); *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 564 (Tex. 1984).
[44] *Riverside*, 603 S.W.2d at 173-74; *Cameron*, 618 S.W.2d at 539; *La Sara*, 673 S.W.2d at 564.
[45] *Riverside*, at 173-74; *Cameron*, 618 S.W.2d at 539; *La Sara*, 673 S.W.2d at 564.
[46] *Cameron*, 618 S.W.2d at 539.

19. A loan of money or extension of credit is not a "good or service."[47] The plaintiff in *Riverside* sought to <u>re-finance</u> a loan secured by his automobile.[48] The bank initially approved the plaintiff's loan and then refused to lend the money.[49] After his car was repossessed and sold, plaintiff alleged violations of the DTPA for failure to make the loan.[50] The court held that the borrower sought to refinance his car loan and therefore sought only a loan of money.[51] A person who seeks to borrow money is not a consumer because the lending of money is neither a good nor a service.[52]

20. Ms. Wilson neither purchased nor sought to purchase anything with her loan. The Matrix loan was a refinance of a prior loan.[53] Texas courts uniformly hold that an extension of credit to pay off antecedent debt is not a good or service under the DTPA.[54] The extension of credit evidenced by Ms. Wilson's loan was not a good or service and therefore she is not a DTPA consumer. If Ms. Wilson attempts to raise DTPA claims against Matrix, she fails as a matter of law for lack of consumer standing.

---

[47] *See* **La Sara Grain Co. v. First Nat'l Bank**, 673 S.W.2d 558, 566-67 (Tex. 1984).; **Riverside Nat'l Bank v. Lewis**, 603 S.W.2d 169, 174-176 (Tex. 1980).
[48] 603 S.W.2d at 175-76.
[49] *Id.*
[50] *Id.*
[51] *Id.* at 175.
[52] *Id.*
[53] *See* Declaration, ¶5 and <u>Exhibits 2 and 3</u> to it.
[54] *See* **First State Bank v. McMordie**, 861 S.W.2d 284, 285-86 (Tex. App. – Amarillo, 1993, no writ) (borrower that sought to refinance loan with another bank and obtain line of credit to buy cattle not a consumer); **First State Bank v. Keilman**, 851 S.W.2d 914, 928-29 (Tex.App.-Austin 1993, writ den.)(collateral services incident to loan did not constitute services under the DTPA where object of the transaction was to secure an extension of credit using collateral already owned by the borrower); **Henderson v. Texas Commerce Bank-Midland, N.A.**, 837 S.W.2d 778, 782 (Tex.App.-El Paso 1992, writ den.) (claim for bank's failure to refinance borrower's debts is for the mere lending of money and not actionable under the DTPA); **Bank of El Paso v. T.O. Stanley Boot Co., Inc.**, 809 S.W.2d 279, 274 (Tex.App.-El Paso 1991) (where claims based on promise to make loans for antecedent debt, borrower is not a consumer), *aff'd in part and rev'd in part on other grounds*, 847 S.W.2d 218, Tex. 1992).

## V. CONCLUSION

21. Matrix established that, as a matter of law, one or more elements of her causes of action against it, fail. Additionally, Ms. Wilson lacks evidence to create material fact issues on one or more elements of those causes of action. Therefore, summary judgment is appropriate.

WHEREFORE, MATRIX FINANCIAL SERVICES CORPORATION requests that the Court grant summary judgment that Rachel Wilson take nothing and dismiss her claims against Matrix with prejudice. Matrix requests all other relief to which it is justly entitled.

Respectfully submitted,

HUGHES, WATTERS & ASKANASE, L.L.P.

_____
C. Ed Harrell, 09042500
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
(713) 759-0818 Telephone
(713) 759-6834 Facsimile
ATTORNEYS FOR DEFENDANT,
MATRIX FINANCIAL SERVICES
CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of August, 2005, a true and correct copy of the foregoing was served on all counsel of record via the court's ECF Filing System or by Certified Mail, Return Receipt Requested.

_____
C. Ed Harrell

9