

United States District Court
Southern District of Texas
FILED

SEP 0 1 2005

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RACHEL WILSON | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-04-113 |
| | § | |
| CHASE MANHATTAN MORTGAGE | § | |
| CORPORATION, and MATRIX FINANCIAL | § | |
| SERVICES CORPORATION | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT MATRIX FINANCIAL SERVICES CORPORATION'S MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiff Rachel Wilson (hereinafter "Wilson" or "Plaintiff") opposes Defendant Matrix Financial Services Corporation's (hereinafter "Matrix" or "Defendant") Motion for Summary Judgment and in support thereof would show the Court as follows[1]:

**I.   Factual Background**

This response and opposition to Matrix's motion for summary judgment is supported by the (1) Affidavit of Rachel Wilson (Attachment A) and the exhibits attached thereto, including certain correspondence between Ms. Wilson and the defendants in this case and (2) the Preliminary Expert Report Of J F. "Chip" Morrow (Attachment B).

In August of 2001 Ms. Wilson financed her home located at 202 W. Cora Lee, South Padre Island, Texas 78597, with Matrix. On South Padre Island all mail is

---

[1]   Plaintiff Charles Brommer was dismissed from the litigation earlier this year, leaving only Wilson as a Plaintiff. *See* Dkt. No. 19.

delivered to P.O. Boxes, not to street addresses. Therefore, at all times during the loan application process Ms. Wilson made sure to inform her mortgage broker and financial institution that her mailing address was P.O. Box 2042, South Padre Island, Texas 78597. *See* Attachment A at ¶¶ 2-3.

Ms. Wilson filled out forms which were sent to Matrix listing her P.O. Box as her mailing address. For example, the Principle Residential Mortgage, Inc. Payoff Statement, which was sent to Matrix, had her mailing address listed as P.O. Box 2042 (Exhibit 1 to Wilson Affidavit). The Request for Verification of Employment, which was sent to Matrix, had her mailing address listed as "202 W. Cora Lee P.O. Box 2042" (Exhibit 2 to Wilson Affidavit). Again, the Uniform Residential Loan Application, which was filled out at her broker's office and which was sent to Matrix listed her address as "202 W. Cora Lee / P.O. Box 2042." *See* Attachment A at ¶¶4 and Exhibit 3 thereto.

On April 15, 2002, Ms. Wilson called the customer service number for Chase to determine why there was negative history on her credit report. She was told that Chase had the mortgage on one property under her name, a home she owns on Orange Lane in Port Isabel. Chase told her they did not have any other loan under her name or social security number. She still had not received a notification from either Matrix or Chase telling her that her mortgage was no longer serviced by Matrix. In fact, she did not know who was servicing her mortgage at that time. She believed Matrix was still servicing her loan because of the conflicting information she received over the telephone. But she had been told Chase was servicing it, although she was never given any documentation, loan number, or transfer number reflecting that. *See* Attachment A at ¶5.

On April 20, 2002, Ms. Wilson received a letter from Matrix returning a mortgage payment. In that letter, Matrix informed her for the first time in writing that my loan was being serviced by another company. She still believed Matrix was servicing her loan, as evidenced by the check she sent them. Matrix, however, did not inform her in the April 20, 2002, letter who had purchased her loan or the new loan number at Chase, information they had in their possession (*See* Exhibit 4 to Decl. of Ron Trunnell (indicating the Chase loan number)). *See* Attachment A at ¶6.

## II.  The Summary Judgment Standard

Summary Judgment shall be granted if the record, taken as a whole, "together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party making a summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery documents that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

If the moving party meets its burden, the non-movant then must designate specific facts, beyond the pleadings, showing there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Little*, 37 F.3d at 1071 (citing *Celotex*, 477 U.S. at 325). Likewise, the nonmovant must present more than a mere "scintilla" of evidence. *See Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994). The evidence must be viewed in the light most favorable to the nonmovant. *See Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 228 (5th Cir. 2003).

Factual controversies, if any exist, are resolved in favor of the nonmoving party. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In this case, Wilson has developed evidence sufficient to show a genuine issue of material facts exists on each cause of action against Matrix.

### III. Plaintiff's Negligence Claim Must Be Decided By A Jury

To establish a negligence claim, Ms. Wilson is required to prove each of the following: 1) a legal duty; 2) breach of that duty, and 3) damages proximately resulting from the breach. *See, e.g., Greater Houston Trans. V. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).

#### 1. Duty

In *DeLanney*, the Texas Supreme Court recognized the well-established Texas law that "Accompanying every contract is a common-law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of the contract." *See Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991) (quoting *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 157, 204 S.W.2d 508, 510 (1947) (quoting 38 AM.JUR. *Negligence* § 20 (1941))). The court, citing to Prosser and Keeton, recognized that "misfeasance or negligent affirmative conduct in the performance of a promise generally subjects an actor to tort liability as well as contract liability for physical harm to persons and tangible things . . . ." *DeLanney*, 809 S.W.2d at 495 n.2 (citing PROSSER AND KEETON at 656-57).[2]

---

[2] Matrix cites the case of *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675-76 (Tex. App. – Houston [1st Dist.] 1996, no writ), for the proposition that "lenders do not generally owe common law duties to borrowers." The *Farah* court held nothing of the sort. *Farah* is a legal malpractice case arising out of Farah's lender liability case against two banks. *See id.* at 668. Farah alleged his attorneys failed to

Under these guiding principles, Matrix had a duty to perform its contractual obligations with skill and care. Matrix had a legal duty to notify Ms. Wilson of the sale of her mortgage to Chase in a manner that would ensure that she received notice. Moreover, Matrix had a legal duty to convey proper mailing information to Chase when it sold the mortgage to Chase. This is especially the case because Matrix had Ms. Wilson's proper mailing address – her P.O. Box – from the time she filled out her loan application. *See* Attachment A at ¶4 and Exhibits 1-3 attached thereto.

### 2. Breach

Matrix breached its duty by failing to send the notification to Ms. Wilson's proper mailing address – her P.O. Box – which Matrix knew was the proper mailing address from the time Ms. Wilson filled out her loan application. *See* Attachment A at ¶4 and Exhibits 1-3 attached thereto.

### 3. Breach proximately resulted in damages

Proximate cause consists of the twin components of cause-in-fact and foreseeability. *See, e.g., D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). The test for cause-in-fact, or "but for" causation, is whether the negligent act or omission was a substantial factor in bringing about the injury and whether the injury would have occurred without the act or omission. *See, e.g., Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex. 2002). Foreseeability, on the other hand, is requires only that the plaintiff demonstrate that a person of ordinary intelligence should have anticipated, not the particular injury, but the danger created by the negligent act. *See, e.g., Doe v. Boys Clubs*, 907 S.W.2d 472, 477 (Tex. 1995).

---

make a claim against the banks for breach of fiduciary duties. *See id.* at 675. The *Farah* court held "Specifically, the relationship between a bank and its customers does not usually create a special or fiduciary relationship." *Id.*

Contrary to Matrix's assertion that there is no evidence that damages were proximately caused by Matrix's conduct, all of Ms. Wilson's damages result from Matrix's failure to use Ms. Wilson's proper address in two instances. The first instance being when Matrix failed to notify her of the sale of her mortgage. *See* Defendant's Motion at ¶7 (noting that it is an undisputed fact that Matrix sent notification to the wrong address and Ms. Wilson never received it). The second instance being when Matrix failed to give the proper mailing address to Chase. *See* Attachment A at ¶4 and Exhibits 1-3 attached thereto (demonstrating Matrix's knowledge of Ms. Wilson's mailing address at P.O. Box 2042). Matrix knew Ms. Wilson's correct mailing address from the time she filled out her loan application; nonetheless, Matrix chose to use the street address which was not her mailing address. *See id.* But for that act, Ms. Wilson would have received proper notice of the sale of her mortgage. But for that act, Chase would have had the proper mailing address and would have properly notified Ms. Wilson they had purchased her loan. The endless miscommunications and resulting injuries were foreseeable to Matrix considering their knowledge and involvement in the lending business.

In short, there is evidence on each of the required elements – duty, breach, proximate cause, and damages – of Ms. Wilson's negligence claim.

### IV. Plaintiff's RESPA Claim Must Be Decided By A Jury

Matrix's arguments against Ms. Wilson's RESPA claim are premised on two basic misunderstandings of the facts in this case. First, Matrix argues that they were not provided with the proper mailing address – the P.O. Box – until March of 9, 2002, when they received a check from Ms. Wilson with the notation regarding her correct mailing

address. In fact, Matrix had the proper mailing address from the time they received Ms. Wilson's loan application. *See* Attachment A at ¶4 and Exhibits 1-3 attached thereto (demonstrating Matrix's knowledge of Ms. Wilson's mailing address at P.O. Box 2042).

Second, Matrix argues that Ms. Wilson knew Chase had purchased her mortgage By April 12, 2002. For this proposition Matrix cites Plaintiff's complaint, which is not proper evidence to be considered on a motion for summary judgment. Moreover, the evidence proffered by Matrix contradicts this assertion. At Exhibit 2 to Matrix's motion for summary judgment, Matrix attaches a letter from Ms. Wilson to Chase. In that letter, Ms. Wilson states

> I am told by my mortgage/loan officer that my current home on 202 W. Cora Lee, SPI TX has been sold from Matrix to Chase as of last February. I asked Ms. Freeman to look into this by my SSN# [XXX-XX-XXX] and she informs me that I am in the system as having one loan from Chase. I have not received any notices from Matrix that my loan was sold. I am going to follow up with Matrix . . ..

As of April 15, 2002, when she wrote this letter, Ms. Wilson did not know who had her mortgage. The letter demonstrates that she did not have any written verification or evidence of the sale of her mortgage to Chase.[3]

Matrix had the proper mailing address. Matrix failed to send the notice of sale of mortgage to Ms. Wilson at the proper mailing address. This alone is a RESPA violation. *See* 26 U.S.C. 2605(b)(1) (requiring written notice to the borrower of the sale of the servicing of a loan).

Additionally, on April 20, 2002, Matrix returned the loan payment check sent by Wilson with a letter stating that the servicing of the mortgage was transferred from

---

[3] Apparently Matrix does not dispute that Ms. Wilson never received the RESPA notice letter. *See* Defendant's Motion at ¶7.

Matrix, but without giving the new servicer's name or address or enclosing the required RESPA transfer notice that was returned to them undeliverable. *See* Attachment B at ¶ 20. This is yet another RESPA violation as determined by Mr. Morrow, Plaintiff's banking, mortgage, and RESPA expert.

Matrix continually failed to provide Ms. Wilson with proper notice and information required under RESPA, in particular the name of the purchaser of her loan and the new Chase loan number. Thus, Material issues of genuine fact exist regarding Matrix's violations of RESPA and the damages caused by their failure to deliver information to Ms. Wilson which would have assisted her in her efforts to determine who actually was servicing her loan after February 2002.[4]

---

[4] Plaintiff has not alleged a Deceptive Trade Practices Act claim against Matrix. Therefore, Plaintiff does not respond to Matrix's "Contingent Motion – DTPA."

*Plaintiff's Opposition To Defendant Matrix Financial Services Corporation's Motion For Summary Judgment* 8

V.   **Conclusion and Prayer**

For the foregoing reasons, Plaintiff prays this Court deny Defendant Matrix's Motion For Summary Judgment and allow Plaintiff's claims to proceed before a jury for final determination.

Respectfully submitted,

_____

Michael Rodriguez
State Bar No.00791553
Federal I.D. No.18759
Henri E. Nicolas, Jr.
State Bar No. 24014808
Federal ID No. 26052
RODRIGUEZ & NICOLAS, L.L.P.
319 East Elizabeth Street
Brownsville, Texas 78520
Telephone: (956) 574-9333
Facsimile: (956) 574-9337
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

Pursuant to the Southern District of Texas Local Rules, a certificate of conference is not necessary for this response to motion for summary judgment.

_____
Henri E. Nicolas, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy and correct copy of this instrument has on this 1st day of Septmeber 2005 been forwarded via certified mail, return receipt requested to:

## VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED

Ed Harrell
Hughes Watters Askanase LLP
1415 Louisiana, 37th Floor
Houston, Texas 77002-7354
Telephone (713) 759-0818
Facsimile (713) 759-6834

_____
Henri E. Nicolas, Jr.