# Attachment

## "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RACHEL WILSON | § § | |
| Plaintiffs | § § | |
| vs. | § § | CIVIL ACTION NO. B-04-113 |
| CHASE MANHATTAN MORTGAGE CORPORATION, and MATRIX FINANCIAL SERVICES CORPORATION | § § § § | |
| Defendants. | § § | |

## PRELIMINARY EXPERT REPORT OF J F. "CHIP" MORROW

I, J F. "Chip" Morrow, state as follows:

I make this report of my own personal knowledge. If called upon as a witness, I would testify competently to the following:

### SUMMARY OF EXPERIENCE

2. I am an executive with 35 years of experience with various financial institutions including banks and mortgage companies. From 1967 until 2000, I worked in eight (8) different financial institutions with a range of asset sizes, from a national bank to a start-up bank and mortgage company. (See Appendix A, Curriculum Vitae). Some highlights of my career directly relevant for this case are:

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

(a)    I have had extensive experience in mortgage lending/banking, as listed in my Curriculum Vitae, including 34 years of lending in the A, B, C, & D mortgage lending markets.

(b)    I have been a financial or mortgage institution director, president and/or CEO for over 17 years.

(c)    I have been a part of senior management and/or directorship in six (6) different financial institutions and have performed in numerous financial institution positions during my career, including operations officer, branch manager, loan officer, mortgage lender, president, and chairman of the loan committee, among other positions.

(d)    I have written, developed and implemented policies and procedures, systems, operations, compliance, administration and internal audit manuals for financial institutions including banks and mortgage companies.

(e)    I have been in leadership positions in national and state trade associations representing over 5000 financial institutions. Positions included national and state directorships for 15 years and state presidency of a state financial institution trade association.

3.    While working for various financial institutions, I have also worked as an expert witness/consultant in the area of financial institutions. Various courts have certified me as an expert witness for lending, mortgage underwriting and servicing, loans, operations, new accounts, depository accounts, fraud, fiduciary duties, policies and procedures, implementation and application within financial institutions of the Real Estate Settlement Procedure Act [RESPA], Equal Opportunity Credit Act [ECOA], Fair Credit Reporting Act

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

[FCRA] and Fair Debt Collection Act [FDCA] as well as other areas. In the last four (4) years, I have been named, given depositions, prepared written reports or testified in over eighty (80) cases in Federal and multiple state courts. See Appendix B, List of Expert Witness Depositions and Court Testimonies For The Last Four Years.

4. In 1970, I received my Bachelor of Science degree from the University of California, Los Angeles and proceeded to take post-graduate work at the University of California, Los Angeles in 1973 and 1974. In 1982, I graduated from the Pacific Coast Banking School at the University of Washington.

5. In addition, I have taught and attended numerous financial institution seminars and conferences throughout my career.

## ASSIGNMENT

6. I have been retained by the law firm of Rodriguez & Nicolas, L.L.P. representing Rachel Wilson ("Wilson" or "Borrower") at the hourly rate of $325 for consulting and $400 for deposition and trial.

7. My assignment was to examine the available documents. From that examination, I was to address, and present my preliminary expert opinions concerning the actions, procedures and handling of the relationship between Wilson and Chase Manhattan Mortgage Corporation ("CMMC") and Matrix Financial Services Corporation ("Matrix"). This report summarizes my preliminary opinions.

8. Additions, refinements, enhancements and/or further support for these preliminary opinions may be discerned upon review of future discovery material and/or depositions.

9. I reserve the right to rebut any testimony and opinions given by the expert(s) designated by defendants.

Preliminary Expert Report of                              Page 3
J F. "Chip" Morrow

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

10.    My preliminary opinions are based upon:

- applicable industry standards including definitions, norms, application of laws, procedures and policies ("Industry Standards");

- All documents reviewed;

- Bibliography materials to be identified at deposition or trial; and,

- My 35 years business/mortgage/ financial institution experience.

## **BACKGROUND FACTS**

11.    September 14, 2001. Wilson refinanced their home at 202 West Cora Lee, South Padre Island, Texas 78597 ("PROPERTY") for $128,000. The first trust deed loan ("LOAN") on the PROPERTY was to Matrix Financial Services Corporation.

12.    November & December 2001. Wilson made the mortgage payments to Matrix as required.

13.    January 2002. Matrix sold the LOAN to CMMC. Matrix sent the required RESPA notice of transfer of service to the Wilson s' PROPERTY address. Since the Post Office does not deliver any mail to street address on South Padre Island and the notice was sent to the street address and not the Post Office Box provided in the original LOAN documents, the notice was returned to Matrix as 'undeliverable'. Upon the return of the mailed notice, Matrix made no effort to correct the address or to contact Wilson so that the required RESPA notice could be delivered to correct mailing address for the Borrowers.

14.    January 2002. Although they had not received any payment coupons for the LOAN from Matrix, Wilson made the mortgage payment to Matrix.

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

15.     January 15, 2002. CMMC sent the required RESPA notice of transfer of service to the Wilson s' PROPERTY address. Since the Post Office does not deliver any mail to street address on South Padre Island and the notice was sent to the street address and not the Post Office Box provided in the original LOAN documents, the notice was returned to CMMC as 'undeliverable'. Upon the return of the mailed notice, CMMC made no effort to correct the address or to contact Wilson so that the required RESPA notice could be delivered to correct mailing address for the Borrowers.

16.     March 2002. Although they had not received any payment coupons for the LOAN from Matrix or CMMC, Wilson made the mortgage payment to Matrix.

17.     April 10, 2002. CMMC, without any attempt to call Wilson or to discover that all correspondence had been sent to the incorrect mailing address, started to process the LOAN for foreclosure sale. The Notice of Default and Intent to Accelerate were sent to the incorrect mailing address and returned 'undeliverable'.

18.     April 12, 2002. Wilson discovered that her credit history and credit report contained negative information regarding a derogatory account with CMMC. Upon further investigation, Wilson discovered that Matrix had sold the LOAN to CMMC.

19.     April 15, 2002. Wilson wrote CMC asking the credit report be corrected and that a PROPERTY LOAN had been sold to CMMC by Matrix, but they had not received the required RESPA notice. In the letter, the PROPERTY address and Wilson's SSN was included so that CMMC could easily ascertain the proper LOAN and number. The proper mailing address was included. This letter was never responded to by CMMC as required under RESPA.

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

20.     April 20, 2002. Matrix returned the LOAN payment check sent by Wilson with a letter stating that the servicing of the mortgage was transferred from Matrix, but without giving the new servicer's name or address or enclosing the required RESPA transfer notice that was returned to them undeliverable.

21.     May 8, 2002. Wilson called CMMC and was informed that CMMC had purchased the Matrix LOAN and that now CMMC had two Loans to Wilson s. Also Wilson informed CMMC of the correct address for mailing, but CMMC never did sent and deliver the required RESPA notice of transfer to Wilson since the first notice was obviously returned to CMMC undeliverable.

22.     June 5, 2002. Rodriguez sent a letter to CMMC detailing the problems and mistakes made by CMMC and Matrix. This letter was never responded to by CMMC as required under RESPA.

23.     June 5, 2002. Even though the Wilson s' April 15, 2002 letter and the Rodriguez May 31, 2002 letter was received by CMMC and the foreclosure process should have been stopped per RESPA until the letters were completely answered per RESPA, CMMC sold the PROPERTY at a wrongful foreclosure.

24.     June 18, 2002. CMMC notified Wilson at the correct mailing address that they had not cashed a refund check from the CMMC because of the escrow settlement at closing of the original LOAN transaction.

25.     June 28, 2002. CMMC acknowledged[1] that it knew that (1) the correct mailing address was a P. O. Box and (2) the Wilson never received the required RESPA service transfer letters. CMMC never rectified (1) and actually did not rectify (2) until April 2003.

---

[1] C-00169

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

26.    July 1, 2002. Rodriguez sent a letter to CMMC's attorney regarding the LOAN payments to Matrix.

27.    July 12, 2002. CMMC agreed to rescind the foreclosure.

28.    July 19, 2002. Wilson was declined a refinance loan for 401 Beach Blvd., Laguna Vista, TX 78579 specifically due to the CMMC LOAN issues.

29.    August 28, 2002. CMMC noted[2] that the first foreclosure was rescinded.

30.    August through December, 2002. Wilson attempted to make LOAN payments, but CMMC would not accept them as the LOAN for the PROPERTY according to CMMC did not exist in its system.

31.    October 28, 2002. CMMC notified Wilson at the correct mailing address that the hazard insurance for the PROPERTY was not in force.

32.    November 13, 2002. For the second time, CMMC's attorney sent the Notice of Default and Intent to Accelerate to the wrong mailing address for Wilson and returned undeliverable. CMMC or its attorney did not attempt to call Wilson to rectify the mistakes before proceeding.

33.    December 31, 2002. After Wilson were informed by friends that CMMC was pending foreclosure of the PROPERTY, Rodriguez sent another letter to the CMMC's attorney regarding the RESPA matters and asking for the foreclosure to remove from sale on January 7, 2003 until the matters were resolved.

34.    January 6, 2003. CMMC's attorney pulled the foreclosure until March 4, 2003.

35.    March 1, 2003. Wilson reinstated the LOAN by paying CMMC $14,334.57 and CMMC's attorneys $1,014.92 which included all costs and late charges.

---

[2] C-00168

Preliminary Expert Report of                Page 7
J F. "Chip" Morrow

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

36.     March 28, 2003. CMMC's March 13, 2003 letter of reinstatement of the LOAN which
was again addressed to the wrong mailing address was obtained by Wilson s.

37.     April 8, 2003. Rodriguez sent a letter to CMMC's attorney outlining the problems and
history.

38.     June 3, 2003. CMMC sent a RESPA required acknowledgment regarding issues
raised to Wilson s.

39.     June 6, 2003. CMMC sent a second acknowledgment regarding issues raised to
Wilson s.

40.     June 18, 2003. CMMC admitted its error and waived $914.92 in fees, but did not
correct the credit history as requested.


## PRESENTATION

41.     The following preliminary opinions are based on documents available and provided
to me through April 27, 2005. Therefore, additions, refinements, enhancements and/or
further support for the opinions may be discerned upon review of future discovery material
and depositions.    Each explanation supporting the opinions may be supplemented by
further explanation by deposition or trial from the documents and depositions reviewed,
reference materials, and my own experience.    Additional opinion(s) may be developed
based on any further discovery or document production.    I reserve the right to provide
additional explanation to rebut opinions and testimony that is given by Defendant's
expert(s).

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

## OPINIONS

42.    **OPINION ONE:** Based on my background and experience, Industry Standards and the documents, my opinion is Matrix and CMMC were negligent in handling, processing and/or fulfilling their duties regarding the LOAN and the requests for investigation and, thus, violated the FCRA and RESPA resulting in significant damages to the Plaintiff.

43.    Although not all inclusive, some example supporting this opinion are as follows:

      I.    Matrix and CMMC never notified Wilson of the transfer of servicing as required by RESPA nor did it notified them after finding out that Matrix and CMMC had sent the Notice of Transfer to the wrong address.

      II.    CMMC received a qualified written request dated April 15, 2002 from Wilson regarding the Property. CMMC never responded as required by RESPA nor did it suspend the foreclosure proceeding as required until CMMC investigated and answered the qualified written request.

      III.    CMMC sold the Property at foreclosure and then had to rescind the foreclosure.

      IV.    After rescinding the first foreclosure and having knowledge of the lack of proper notification of transfer, CMMC did not rebook the LOAN properly and caused it to return payments to Wilson causing the LOAN to be delinquent and go back into foreclosure status.

      V.    CMMC creating an escrow account for the Wilson loan without proper notification.

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

44.   **OPINION TWO:** Based on my background and experience, Industry Standards and the documents, my opinion is that Matrix through its inaction and CMMC are responsible for creating the two foreclosures and the resulting Wilson's negative credit information regarding the LOAN.

45.   Although not all inclusive, some example supporting this opinion are as follows:

> First.    CMMC never notified Wilson of the transfer of servicing as required by RESPA nor did it notify them after finding out that CMMC had sent the Notice of Transfer to the wrong address. This resulted in the LOAN payment made by Wilson to be sent to the wrong payee, Matrix.

> Second. CMMC received a qualified written request dated April 15, 2002 from Wilson regarding the Property. CMMC never responded as required by RESPA nor did it suspend the foreclosure proceeding as required until CMMC investigated and answered the qualified written request.

> Third.    CMMC sold the Property at foreclosure and then had to rescind the foreclosure, but never rectified the error for the credit reporting.

> Fourth.   After rescinding the first foreclosure and having knowledge of the lack of proper notification of transfer, CMMC did not rebook the LOAN properly and caused it to return payments to Wilson causing the LOAN to be delinquent and go back into foreclosure status. CMMC never rectified the credit reporting.

46.   **OPINION THREE:** Based on my background and experience, Industry Standards and the documents, my opinion is the minimum resulting damages to the Wilson's credit due to the actions of the Defendant was $31,734.33 plus her loss of time in handling the

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

matter and legal costs and the losses due to business opportunities to be calculated later. These credit-reporting related damages may increase with the further review of other situations from depositions and further discovery.

47.     These damages caused by the erroneous CMMC foreclosure reporting were and are due to: (1) the declinations by financial institutions to grant real estate loans for the refinance of the Wilson's rental properties, (2) the lack of the opportunity to negotiate and obtain lower interest rates on the other outstanding, existing Wilson loans, (3) the erroneous costs of their existing LOAN, (4) losses due to encashment of 401K, and (5) losses due to business opportunities.

48.     (1) Wilson had been trying to refinance one of their rental properties. Considering the existing interest rate on the loan to be refinance and applying this to a 10-year timeframe to have her credit record expunge the erroneous information, the approximate amount of damage is $20,000.

49.     (2) Wilson's other loans are at the high interest rates. Wilson was unable to negotiate the lower interest rates because of the erroneous CMMC foreclosure reporting. Based on approximately $25,000 for other loans, the inability to negotiate lower interest rates of about 4% has cost Wilson approximately $1,000 per year and going forward. Thus, the estimated damages over the 10 years are $10,000.

50.     (3) The late charges, other costs and CMMC attorney's legal costs for the reinstatement of the LOAN on March 3, 2003 are $1,734.33.

51.     (4) Losses due to encashment of 401K have yet to be calculated.

52.     (5) Loss of business opportunities has yet to be calculated.

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

## STATEMENT REGARDING PRELIMINARY NATURE OF REPORT

53.     Matters set forth herein are preliminary in nature.  Discovery and depositions have
not been completed.  As additional information is obtained, the opinions and statements set
forth herein could change or be refined.  I will supplement this report, if necessary, at such
time as discovery and depositions become available.

_____
J F. "CHIP" MORROW

DATED April 29, 2005.

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

# APPENDIX A

## CURRICULUM VITAE OF J F. "CHIP" MORROW

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

# J F. "CHIP" MORROW

San Antonio, Texas 78268
Phone (210) 491-8800 ~ Fax (210) 491-4114 ~ E-mail: jfmorrow@earthlink.net

## QUALIFICATIONS

- 30+ years management experience in financial institutions and mortgage companies.
- 31+ years loan experience: business, construction, commercial real estate, mortgages.
- 11+ years Bank President/C.E.O. & 6 years president/director of mortgages companies.
- 15+ years leadership in state and national financial institution trade associations.

## WORK HISTORY

October 1995
To present
*Principal, B & F Experts*
*San Antonio, TX*

Employed by attorney firms, financial institutions, mortgage institutions and other clients regarding financial matters.

April 1998
To February 2000
*Senior Vice President, Preferred Bank*
*Los Angeles, CA*

Member of Senior Management involved real estate, business and international loans and deposits business as well as compliance issues and lending matters.

June 1995
To April 1998
*First Regional Bank*
*Century City, CA*

Involved real estate, business and international loans and deposits business as well as compliance issues and lending matters.

June 1990
To June 1997
*Founder & Director, ICBA Mortgage Co.*
*Arlington, VA*

Monitored planning, policies, contracts and marketing for this company that provided all levels of mortgages for SFR and manufactured housing through over 1000 financial institutions in all 50 states.

November 1994
To November 1995
*Organizer, Pacific Coast Bankers' Bank (In Organization)*
*San Francisco, CA*

Researched, generated and submitted marketing study, business plan, capital plan, loan and operations polices and procedures to the regulators for this proposed correspondent bank owned and operated by independent banks.

Preliminary Expert Report of
J F. "Chip" Morrow

Page 14

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

| | |
|---|---|
| April 1983<br>To October 1994 | *Founding President, Chief Executive Officer & Director*<br>*Marathon National Bank & Marathon Bancorp, Los Angeles, CA* |

Started the bank and had full management responsibilities from 1983 until leaving. Wrote, developed and implemented all loan, operation, compliance, administration and internal audit policies, procedures, documentation and systems. Chairman of Director Loan Committee and member of all other bank and director committees.

| | |
|---|---|
| January 1982<br>To March 1983 | *Regional Vice President, The Bank of Orange County*<br>*Fountain Valley, CA* |

Member of Senior Management and Loan Committee. Duties included management of operations, and lending for the entire Los Angeles County.

| | |
|---|---|
| August 1977<br>To January 1982 | *Vice President, Imperial Bank*<br>*Inglewood, CA* |

*Assistant Credit Administrator* ~ administered 17-branches, bank-wide loan portfolio including commercial real estate, business, and international loans. *Manager-East San Fernando Valley* ~ managed $45 million branch.

| | |
|---|---|
| June 1967<br>To August 1977 | *Bank of America*<br>*Los Angeles Area* |

Held various lending, management and operation positions.

## EDUCATION

- Certificate of Graduation, Pacific Coast Banking School, Univ. of Washington, 1982
- All training courses related to lending given by Bank of America, 1971-1977
- Post-graduate work, University of California, Los Angeles, 1973, 1974
- Bachelor of Science, University of California, Los Angeles, 1970

## PUBLISHED ARTICLES

- "So That's What Commercial Lending Is!", The Roar Newsletter, Imperial Bank.
- "Need a Loan.... Learn to Think Like a Banker", Marathon National Bank Newsletter.
- "International Entrepreneurship: A New Growth Area", New Management.
- "Arbitration: A Legal System that Makes Banking Sense", American Arbitration Association Regional Reporter, (co-author).
- "Arbitration: Working in Banking", American Arbitration Association Regional Reporter, (co-author).

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

## EXPERT WITNESS

- Over 17+ years of in-house, industry, and outside expert witness experience including testimony before government committees and agencies, Federal and State courts.
- Worked both for defendants and plaintiffs: financial institutions, commercial entities, individuals, State of California and the F.D.I.C.
- Court approved expert witness in most financial/financial institutions areas including business, construction and real estate lending, operations, fiduciary duties, fraud, conversion, secondary offerings, public offerings and international transactions.

## SPEECHES

- "Bankers' First Ten Considerations About Small- to Mid-Sized Business Loans", Presentation to various business and civic organizations.
- "Ratios and Guidelines: What You Should Expect From Your Banker", Presentation to various business and civic organizations.
- "Arbitration in Banking", Presentation to various banks and trade organizations
- "What Makes a Premier Performing Bank," Presentation to various banks.
- "Debts and Taxes", panelist, Southern California Chapter American Academy of Matrimonial Lawyers.
- Various presentations as a guest lecturer at Pepperdine University and USC.

## PROFESSIONAL ORGANIZATIONS

- Chairman and/or member of Real Estate Lending Committee, California Bankers Association (CBA) representing over 300+ California banks, 1993 to 2000.
- Founder and Past Director of ICBA Mortgage Company, 1990 to 1997.
- Member, ICBA Task Force: Mortgage Lending and Operations, 1988 to 1989.
- Director & Past President of California Independent Bankers-ICBA representing over 160+ California financial institutions, 1985 to 2001.
- Past Director of the Independent Community Bankers Association (ICBA) which represents over 5000+ banks nationwide, 1992 to 1996.
- Chairman and/or member of ICBA Bank Service Committee, 1986 to 2001.
- Member, ICBA Task Force: Credit Life Insurance and Reinsurance, 1997 to 1998.
- Chairman, ICBA Task Force: Title Insurance Operations for Financial Institutions, 1999 to 2001.
- Member of California Department of Financial Institutions Implementation Industry Task Force, December 1996 to 1998.
- Member of the Forensic Consultants Association-Orange County, 1997 to 2001.

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

## APPENDIX B

## DEPOSITIONS AND/OR COURT TESTIMONIES
## FOR THE LAST FOUR YEARS

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

# DEPOSITIONS AND/OR COURT TESTIMONIES
# IN LAST FOUR YEARS

| CASE (CLIENT CAPITALIZED) | CASE NUMBER | LOCATION |
|---|---|---|
| New South Federal Savings Bank v. FIRST TENNESSEE NATIONAL CORP., ET AL. | 03-3-141 | Chancery Court Sevier, TN |
| WESTERN AMERICA PROPERTIES v. Sunrise Gardens | AAA 79 459 00075 04 | Am. Arbitration Assoc. Las Vegas, NV |
| NATALIA TREVINO v. Fredesvina Layton, et al. | 2004-04-1973-0 | District Court Cameron Cty., TX |
| RIVER EAST PLAZA, LLC v. The Variable Annuity Life Insurance Company | 03 C 4354 | U.S. District Court No. Dist. Of IL |
| CCI CONSTRUCTION CO., INC., ET AL. v. Countrywide Credit Industries, Inc., et al. | 00-02239RJW 1-01-100011A | Bankruptcy Court Middle Dist. Of PA |
| GreenPoint Mortgage Funding, Inc. v. GE MORTGAGE INSURANCE CORP. | 74 148 00185 03 (TNC) | Am. Arbitration Assoc. San Francisco, CA |
| SCOTT PICKRELL, ET AL. v. Countrywide Credit Industries, Inc., et al. | BC283265 | Superior Court Cty. of Los Angeles |
| LARRY & TRACEY MYERS v. Carteret Mortgage Corp., et al. | 67-203113-03 | District Court Tarrant Cty., TX |
| Jeffrey J. Katke & Shelley J. Katke SEARS MORTGAGE CORP., et al | 807525 | Superior Court County of Orange, CA |
| Steve Christensen v. EAST WEST BANK, et al. | GC032423 | Superior Court Cty. Of Los Angeles |
| Erlinda Cortez Dimas v. OCWEN FEDERAL SAVINGS Bank | 00-54397-RBK | Bankruptcy Court San Antonio, TX |
| Wallace Dean Dickerhoof v. ASSOCIATED MORTGAGE CORP, ET AL. | SCO70221 | Superior Court Cty. of Los Angeles |
| BEAL BANK, SSB v. Ng Financial Corp, et al | BC166404 + 3 cases | Superior Court Cty. of Los Angeles |
| A. JACOBS, TT FR APPONLINE.COM, INC., ET AL. v. Matrix Capital Bank | Adv. Proc. 802 8261, 5 other cases | U.S. Bankruptcy Court Eastern Dist. of NY |
| Rae & Hendrix Brewer v. MONACO COACH CORPORATION, ET AL. | C-3-99-357 | US District Court So. Dist. Of Ohio |
| BFI Business Finance v. BERGELECTRIC, et al. | CV804323 | Superior Court Cty. of Santa Clara |
| AVNET, INC. v. Mitsuba Corporation, et al. | BC 256228 | Superior Court Cty. of Los Angeles |
| Celia Adkins, et al. v MOREQUITY, ET AL. | CV-2001-3123 | 2nd Jud. Dist. Court Cty. Bernalillo, NM |
| Barbara Hendricks v. WASHINGTON MUTUAL HOME LOANS, INC. | 01-CP-10-3841 | Common Pleas Ct. Charleston Cty. SC |
| The Provident Bank v. SADDLEBACK INVESTMENTS, ET AL. | 01 CC 02898 | Superior Court County of Orange |
| MARTA AMAYA v. Hamer Toyota Inc. | PC 027 388 Z | Superior Court Cty. of Los Angeles |

Preliminary Expert Report of
J F. "Chip" Morrow

Page 18

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

| | | |
|---|---|---|
| Ilkwon O v,<br>**AMERICAN EXPRESS COMPANY, ET AL.** | BC 253460 | Superior Court<br>Cty. of Los Angeles |
| Howard Kent Hodson v.<br>**LONG BEACH MORTGAGE CO., ET AL.** | SC062829 | Superior Court<br>Cty. of Los Angeles |
| **PACIFICARE OF TEXAS, INC et al.**<br>v. Bank of America, N. A. | 01-45298-BJH-11<br>3-01CV1354-P | US Bankruptcy Ct.<br>No. Dist. Of TX |
| **GHADIR AYAZ, ET AL.**<br>v. Farmers & Merchant Bank | OOCC06647 | Superior Court<br>County of Orange |
| **TME ENTERPRISES, INC., ET AL.**<br>v. Norwest Bank Colorado | BC 183236 | Superior Court<br>Cty. of Los Angeles |
| Universal Savings Bank, a California corp<br>**v. BANKERS STANDARD INSURANCE, ET AL.** | KC 033262 | Superior Court<br>Cty. of Los Angeles |
| **JAMES E. VISCUSI, ESTATE OF GENEVIEVE A.**<br>**VESCUSI & FLORENCE a. CEREDA v.**<br>Beneficial Mortgage Corp. | 786453-5 | Superior Court<br>of California<br>Alameda County |
| Brent H. and Helen E. Foster v.<br>**ILWU CREDIT UNION, ET AL.** | NC027766 | Superior Court<br>Cty. of Los Angeles |
| **LAWRENCE SAKS, M.D., ET AL.**<br>v. First Independent T. D. Services, Inc., et al. | BC 219781<br>BC 230748 | Superior Court<br>Cty. of Los Angeles |
| **VIVA TIGER, INC.**<br>v. Cathay Bancorp, Inc. dba Cathay Bank | GC 025129 | Superior Court<br>Cty. of Los Angeles |
| A& B Painting West, Inc. v.<br>**WILMINGTON TRUST CO. et al.** | A412247<br>& 12 other | District Court<br>Las Vegas, NV |

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

# APPENDIX C

# LIST OF CASE DOCUMENTS REVIEWED

Rachel Wilson v. Chase Manhattan Mortgage Corporation, et al.
United States District Court
Southern District of Texas, Brownsville Division
Cause No. B-04-133

## SPECIFIC CASE DOCUMENTS REVIEWED

A.   Plaintiff's Original Complaint
B.   Documents provided by Chase Manhattan Mortgage Corporation
C.   Documents provided by Plaintiffs